MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
AMELIA  BASURTO, *individually and on*
*behalf of others similarly situated,*

|                              |                                 |
|------------------------------|---------------------------------|
| *Plaintiff*,                 | **COMPLAINT**                   |
| -against-                    | **COLLECTIVE ACTION UNDER**     |
|                              | **29 U.S.C. § 216(b)**          |
| TACOS EL PAISA INC. (D/B/A TACOS EL | |
| PAISA) and BLANCA SERRANO , | **ECF Case**                    |
| *Defendants.*                |                                 |

-------------------------------------------------------X

Plaintiff Amelia  Basurto ("Plaintiff Basurto" or "Ms. Basurto"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Tacos El Paisa Inc. (d/b/a Tacos El Paisa), ("Defendant Corporation") and Blanca Serrano, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Basurto is a former employee of Defendants Tacos El Paisa Inc. (d/b/a Tacos El Paisa) and Blanca Serrano.

2.       Defendants own, operate, or control a Mexican restaurant, located at 1548 St Nicholas Ave, New York, NY 10040 under the name "Tacos El Paisa".

3.      Upon information and belief, individual Defendant Blanca Serrano, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Basurto was employed as a waitress at the restaurant located at 1548 St Nicholas Ave, New York, NY 10040.

5.      At all times relevant to this Complaint, Plaintiff Basurto worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Basurto appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Basurto the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Basurto to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Basurto and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Basurto now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New

York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Basurto seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Basurto's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican restaurant located in this district. Further, Plaintiff Basurto was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Amelia Basurto ("Plaintiff Basurto" or "Ms. Basurto") is an adult individual residing in New York County, New York.

15.     Plaintiff Basurto was employed by Defendants at Tacos El Paisa Inc. from approximately January 8, 2020 until on or about May 11, 2020.

16.     Plaintiff Basurto consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a Mexican restaurant, located at 1548 St Nicholas Ave, New York, NY 10040 under the name "Tacos El Paisa".

18.     Upon information and belief, Tacos El Paisa Inc. (d/b/a Tacos El Paisa) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1548 St Nicholas Ave, New York, NY 10040.

19.     Defendant Blanca Serrano is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Blanca Serrano is sued individually in her capacity as a manager of Defendant Corporation. Defendant Blanca Serrano possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Basurto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.     Defendants operate a Mexican restaurant located in the Hudson Heights section of Manhattan in New York City.

21.     Individual Defendant, Blanca Serrano, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, or controls significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Basurto's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Basurto, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Basurto (and all similarly situated employees) and are Plaintiff Basurto's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Basurto and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendant  Blanca serrano, operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of her own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff Basurto's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Basurto, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Basurto's services.

28.     During 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiff

30.     Plaintiff Basurto is a former employee of Defendants who was employed as a waitress.

31.     Plaintiff Basurto seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Amelia Basurto

32.     Plaintiff Basurto was employed by Defendants from approximately January 8, 2020 until on or about May 11, 2020.

33.     Defendants employed Plaintiff Basurto as a waitress.

34.     Plaintiff Basurto regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35.     Plaintiff Basurto's work duties required neither discretion nor independent judgment.

36.     Throughout her employment with Defendants, Plaintiff Basurto regularly worked in excess of 40 hours per week.

37.     From approximately January 8, 2020 until on or about April 5, 2020, Plaintiff Basurto worked from approximately 9:00 a.m. until on or about 7:00 p.m., 5 days a week and from approximately 9:00 a.m. until on or about 9:00 p.m., one day a week (typically 62 hours per week).

38.     From approximately April 25, 2020 until on or about May 11, 2020, Plaintiff Basurto worked from approximately 10:00 a.m. until on or about 7:00 p.m., 6 days a week (typically 54 hours per week).

39.     Throughout her employment, Defendants paid Plaintiff Basurto her wages in cash.

40.     From approximately January 8, 2020 until on or about May 11, 2020, Defendants paid Plaintiff Basurto a fixed salary of $70 per day.

41.     For approximately two weeks, Defendants did not pay Plaintiff Basurto any wages for her work.

42.     Plaintiff Basurto's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

43.     For example, Defendants required Plaintiff Basurto to work an additional 2 hours past her scheduled departure time one day a week, and did not pay her for the additional time she worked.

44.     Defendants never granted Plaintiff Basurto any breaks or meal periods of any kind.

45.     Plaintiff Basurto was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

46.     Defendants took improper and illegal deductions from Plaintiff Basurto's wages; specifically, Defendants deducted money from Plaintiff Basurto's weekly wages in proportion to money they claimed was missing from the cash register any given week.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Basurto regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Basurto an accurate statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff Basurto, in English and in Tlapanec (Plaintiff Basurto's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Basurto (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

51.     Plaintiff Basurto was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

52.     Defendants' pay practices resulted in Plaintiff Basurto not receiving payment for all her hours worked, and resulted in Plaintiff Basurto's effective rate of pay falling below the required minimum wage rate.

53.     Defendants habitually required Plaintiff Basurto to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

54.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55.     Defendants paid Plaintiff Basurto her wages in cash.

56.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Basurto (and similarly situated individuals) worked, and to avoid paying Plaintiff Basurto properly for her full hours worked.

58.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Basurto and other similarly situated former workers.

60.     Defendants failed to provide Plaintiff  Basurto and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61.     Defendants failed to provide Plaintiff Basurto and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62.      Plaintiff Basurto brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63.     At all relevant times, Plaintiff Basurto and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

64.     The claims of Plaintiff Basurto stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

65.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

66.     At all times relevant to this action, Defendants were Plaintiff Basurto's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Basurto (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

67.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69.     Defendants failed to pay Plaintiff Basurto (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70.     Defendants' failure to pay Plaintiff Basurto (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71.     Plaintiff Basurto (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

73.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Basurto (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74.     Defendants' failure to pay Plaintiff Basurto (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Basurto (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiff Basurto's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Basurto, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

78.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Basurto less than the minimum wage.

79.     Defendants' failure to pay Plaintiff Basurto the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80.     Plaintiff Basurto was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

81.      Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Basurto  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.     Defendants' failure to pay Plaintiff Basurto overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Basurto was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

85.      Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants failed to pay Plaintiff Basurto one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Basurto's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

87.     Defendants' failure to pay Plaintiff Basurto an additional hour's pay for each day Plaintiff Basurto's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

88.     Plaintiff Basurto was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

89.      Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants failed to provide Plaintiff Basurto with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91.     Defendants are liable to Plaintiff Basurto in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

92.      Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

93.      With each payment of wages, Defendants failed to provide Plaintiff Basurto with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94.      Defendants are liable to Plaintiff Basurto in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
### OF THE NEW YORK LABOR LAW

95.      Plaintiff Basurto repeats and realleges all paragraphs above as though set forth fully herein.

96.      At all relevant times, Defendants were Plaintiff Basurto's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

97.      Defendants made unlawful deductions from Plaintiff Basurto's wages; specifically, Defendants deducted money from Plaintiff Basurto's weekly wages in proprtion to money they claimed was missing from the cash register any given week.

98.      The deductions made from Plaintiff Basurto's wages were not authorized or required by law.

99.      Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Basurto's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and

supporting New York State regulations.

  100. Plaintiff Basurto was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

  WHEREFORE, Plaintiff Basurto respectfully requests that this Court enter judgment against Defendants by:

  (a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

  (b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Basurto and the FLSA Class members;

  (c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Basurto and the FLSA Class members;

  (d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Basurto's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

  (e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Basurto and the FLSA Class members;

(f)      Awarding Plaintiff Basurto and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Basurto and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Basurto;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Basurto;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Basurto;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Basurto's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Basurto;

(m)      Awarding Plaintiff Basurto damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Basurto damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Basurto liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Basurto and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Basurto and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff Basurto demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 13, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

BY ELECTRONIC SIGNATURE

June 4, 2020

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                       Amalia Basurto

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                   X _AB_

Date / Fecha:                        4 de Junio 2020