UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
AMELIA BASURTO,                                        :
:
                     Plaintiff,    :
:        20-CV-5483 (VSB)
      -v-                                             :
:            ORDER
:
:
TACOS EL PAISA INC., et al.,                       :
:
                    Defendants.  :
:
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case.  (Doc. 15.)  Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  Because I find that the terms of the settlement agreement, including the attorneys' fees sought, are reasonable, the parties' request that I approve their settlement agreement is GRANTED.

        **I.**      **Legal Standard**

        To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

II. **Discussion**

Pursuant to my Order of April 1, 2021, (Doc. 14), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, are fair and reasonable. I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are, and therefore approve the settlement agreement of

the parties.

### A.    *Settlement Amount*

I first consider the settlement amount. The agreement provides for the distribution to Plaintiff of $7,500, inclusive of attorney's fees and expenses. (Doc. 15, at 2.) Counsel represents that Plaintiff believes she is entitled to $7,065. (*Id*. at 1.)[1] Therefore, the total settlement amount is more than 100% of Plaintiff's expected recovery. Both parties seek to "avoid the legal and factual risks of protracted litigation and trial." (*Id.* at 2.) The parties engaged in arm's length negotiation at mediation through the Southern District of New York's Mediation program. (*Id.*) Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B.    *Release Provision*

I next consider the other provisions in the proposed settlement agreement, paying close attention to the release provision. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The proposed settlement agreement requires that Plaintiff release Defendants from claims "which concern allegations of unpaid compensation . . . purportedly owed to Plaintiff under the FLSA, NYLL, New York City law, the Equal Pay Act, or any other law, regulation, or ordinance regulating the payment of wages. . . ." (Doc. 15-1, at ¶ 1.) I find that this release is appropriately tailored to the claims at issue in this

---

[1] This figure appears to reflect only back wages and not liquidated damages.

action.

        **C.**    ***Attorneys' Fees***

I finally consider the attorneys' fees contemplated in the settlement agreement. Plaintiff's counsel claims to have accrued $6,045 in attorneys' fees and $476 in costs, (Doc. 15-2, at 4), but seeks only $2,817.33 in total, (Doc. 15, at 2). As an initial matter, courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). The attorneys' fees and costs in this case represent 37.6 percent of the total $7,500 settlement amount. It is not immediately apparent how Plaintiff's counsel arrived at the $2,817.33 figure, and Plaintiff does not explain it. (*See generally* Doc. 15.) One-third of $7,500 is only $2,500. Plaintiff's counsel seeks $317.33 more than $2,500, but Plaintiff's counsel claims to have spent even more than that ($476) on the filing fee and process server. (Doc. 15-2, at 4.) Regardless, because Plaintiff's claimed lodestar is larger than the requested attorneys' fees, and because the Second Circuit has made clear that FLSA does not limit attorneys' fees to 33 percent of the settlement agreement, *see Fisher*, 948 F.3d at 603, I instead turn to the documentation supporting the requested attorneys' fees and costs.

While this case is still at an early stage, it is clear that Plaintiff's counsel has expended time on at least the following: drafting and filing the complaint; evaluating Plaintiff's damages; and preparing for and attending a successful mediation. (*See* Doc. 15-2.) Moreover, because courts in this District typically approve hourly rates of approximately $175 to $450 for attorneys working on FLSA litigation, the requested amount represents appropriate compensation for the 18 hours put into this case. *See, e.g., id.* at *2; *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v.*

*Richie Jordan Constr. Inc.*, No. 15-CV-3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to Plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507–08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Ochoa v. Prince Deli Grocery Corp.*, No. 18 CIV. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"). Indeed, Plaintiff's counsel claims that the lodestar is $6,521, (*see* Doc. 15, at 3–4), which means the requested $2,817.33 award is only a fraction of the lodestar. Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

The settlement agreement of the parties is hereby APPROVED.

SO ORDERED.

Dated:    January 10, 2022
          New York, New York

_____
Vernon S. Broderick
United States District Judge